———————o———————

## No. 5890.

## MRS. LOUISE M. STUBBS vs. NYLKA LAND COMPANY, LTD.

### Syllabus.

1. A petitory action may, or may not, be such a "proceeding to annul" a tax sale as will suffice to prevent a confirmation thereof under Act 101 of 1898; but, if the defendant, instead of seeking to proceed with the confirmation, rests content to set up his unconfirmed tax title as a defense to said petitory action, said title is then "open to every objection which plaintiff may have to urge against the same."

2. Monition proceedings are no longer applicable to tax sales; Act 101 of 1898, provides an exclusive method of quieting and confirming such titles.

3. When notice by publication to delinquent tax debtors is permissible, it suffices that the Tax Collector follow the assessment, provided said assessment were made strictly according to law.

— 21 —

4. An assessment sufficiently defective to mislead the Tax Collector in his search for the delinquent tax debtor, and likewise those who afterwards search the public records of the Conveyance Office, is also too defective to serve as, the basis of *notice by publication* that the property is about to be sold for taxes.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 99,633. Hon. T. C. W. Ellis, Judge.

E. Rightor, for plaintiff and appellee.

Foster, Milling, Brian & Saal and L. A. Ducros, for defendant and appellant.

E. J. McGivney, W. Gleason, attorneys.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Defendant, claiming by tax title the property involved in this controversy, brought suit under the terms of Act 101 of 1898, calling upon plaintiff to file proceedings to annul said tax sale within the delay allowed by said act; otherwise same would be confirmed.

Thereupon plaintiff filed this **petitory action** as an independent suit, merely setting up her own title to the property, the defendant's possession thereof, and the latter's refusal to surrender the same.

Whether or not the filing of a petitory action was sufficient to stay the proceedings in the action first taken by defendant is a matter which might have been considered in those proceedings; but it cannot be gone into here, where the only issue **tendered by plaintiff** was the validity **vel non** of her own title.

Defendant, however, instead of seeking to go ahead in the confirmation proceedings, rested content to set up

as a defense to this suit its own unconfirmed tax title; and that title is therefore "open to every objection of law or fact which plaintiff may have to urge against the same." **Willis vs. Cypress Co., 108 La., 225.**

## II.

Defendant pleads as **res judicata** a judgment rendered on a monition issued out under Sections 2370-2380 of the Revised Statutes of 1870.

Without considering what defects in a tax sale might or might not have been cured by monition proceedings when those proceedings remained applicable to tax sales, suffice it to say that they are no longer so; for Act 101 of 1898 provides an exclusive method of quieting tax titles, the Legislature having directed that "the manner of notice and form of proceeding to quiet tax titles in accordance with Article 233 of the Constitution **shall be as follows,** etc."

This language is as mandatory and exclusive as it could have been made. It says in effect that to quiet a tax title **this** is what shall be done, and language thus peremptory excludes the idea that any other method of procedure might still be resorted to.

The exception of **res judicata** is therefore unfounded.

## III.

As prescription had not yet run when the validity of the tax sale was drawn in question herein, it follows that said tax sale must stand or fall as made.

Now it is elementary that among the essentials for a valid tax sale are these: a valid assessment (that is to say, an assessment **made according to law),** and notice to the delinquent (that is to say notice **given in the manner provided by law.)**

— 23 —

As to such **notice** it may be given in one of three ways, according to circumstances, that is to say; by personal or domiciliary service, or by mail, or by publication.

And the law appears to be that when notice of delinquency **by publication** is permissible, it suffices if the tax collector **follow the assessment.**

Thus Section 52 of Act 170 of 1898 (p. 371), directs that the tax collector, in giving notice by publication ''shall describe the property **as described in the tax roll**,'' and the final paragraph of Section 53 of said act (p. 372) provides ''that for the purpose of taxation and tax **sales it** shall be sufficient to **assess and advertise** the property in the name of the person or persons, etc.''

It follows then that where the only notice of delinquency is by **publication**, the correctness **vel non** of the assessment becomes of paramount importance, and said assessment must then have been made strictly according to law.

For conceding that defects in an assessment might be cured by the delinquent having had actual notice, either by personal service or by mail, it is inconceivable that a defective assessment can be cured by an equally defective publication.

Now the **name of the owner**, if known, is a necessary, ''particular'' in every assessment (Section 8, Act 170 of 1898, p. 351), although ''it shall be sufficient to assess the property in the name of the person or persons, whether dead or alive, who at the time the assessment was made, appeared to be the owners thereof upon the books of the Conveyance Office, etc.'' (See final paragraph Section 53, Act of 170 of 1898 p. 372). And it is also true that any tax debtor (in the Parish of Orleans) who fails to make a sworn return of his property is

estopped from contesting the correctness of his assess-ment (whether in name or otherwise). But this applies only when a list for such purpose shall previously have been left at his domicile or place of business. (Section 25 of Act 170 of 1898, p. 360.)

But in the case at bar the assessment was neither in the name of the real owners, who were the heirs of Miss Anna Mercer; nor in the name of the last owner of record, the aforesaid Miss Anna Mercer, deceased, (title recorded C. O. B. 113, folio 385); and it is not pretended that any assessment list had ever been left as provided by law.

For the sale was made for the city taxes of 1907, and the assessment for that year was in the name of "Estate of Mrs. A. Mercer."

The error was apparently only a slight one, consisting merely in the addition of a single letter, (the letter I) to the family name of **Mercer**, so as to make it read **Mercier**.

But the parties in interest had none the less done all that was incumbent upon them to have it corrected; to-wit, by calling the attention of the assessors thereto; and these had corrected it for the year previous and then lapsed again into the same errror.

And slight as the error may appear to have been, it was just this difference of **one letter** in the name which mis-led the tax collector in his search for the delinquents and caused him to seek heirs among the members of another and well known, but entirely distinct family, and not among the relations of the real deceased.

And again, slight as the error may appear, it sufficed also to mislead those who afterwards searched the public records of the Conveyance Office, and who, had they not been so misled, would have redeemed the property.

Under the circumstances we do not think such assess-ment and publication sufficient notice to the delinquents.

themselves, on which to base an unimpeachable tax deed to the property.

Judgment affirmed.

GODCHAUX, J.: I concur in the decree.

Opinion and decree, November 10, 1913.

## On Rehearing.

## Per Curiam.

Defendant asks and plaintiff concedes that the decree herein should be amended in the manner following, and it is so amended. This puts the cost of appeal on plaintiff and appellee.

It is therefore ordered that the decree heretofore handed down be amended so that the same shall not become executory until plaintiff shall pay or tender to defendant the price paid at the tax sale with 10% thereon, and the taxes since paid by defendant. And with this amendment a rehearing is refused, plaintiff to pay the costs of this appeal.

Opinion and decree on rehearing, December 22, 1913.